FOURTH DEPARTMENT, SEPTEMBER, 1969

(September 18, 1969)

■ WILLIAM DAWSON, JR., Appellant, v. GERALD S. MAJKA, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to abide the event. Memorandum: At the conclusion of all the evidence on the trial of the issue of whether defendant Majka was the operator of an alleged "hit and run" vehicle which collided with a motorcycle operated by plaintiff, the court dismissed the complaint as a matter of law upon the ground that plaintiff had not positively identified Majka. We find that this was

error, and that a question of fact was presented for submission to the jury as to the identity of the vehicle and its driver. Plaintiff testified that while at a signal light shortly before the collision he observed the defendant's profile and especially his long hair (the plaintiff being a barber); and he observed the dual colors of the vehicle, and its "make" and year of manufacture. As the vehicle drove away after the collision he observed its special plexiglass tail lights and he also noted three of the numbers on its license plate, to wit, "313". There is evidence that he later gave to a police officer the said numbers as well as a description of the vehicle and its operator. He testified that three weeks after the accident he saw defendant Majka, who still had his long hair, talked with him and recognized him, and plaintiff still recognized him at the trial although by then defendant had had his hair cut. The evidence shows that defendant owned a vehicle of the make, year and colors described by plaintiff, it also having plexiglass tail lights and bearing license plate on which the first three numbers were 313; and that shortly after the accident a light scratch was seen on the right side of defendant's vehicle, where plaintiff testified it was in contact with his motor vehicle. The credibility of the witnesses and the weight to be accorded their testimony were matters for determination by the jury, not the Trial Judge. (Appeals from judgment of Erie Trial Term, granting motion to dismiss complaint.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ.